IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-773 T
(Chief Judge Damich)

DAVID SUNSHINE and KELLY T. HICKEL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# ANSWER AND COUNTERCLAIM

In answer to the complaint, defendant denies each and every allegation in the complaint that is not admitted below.

Defendant further:

1. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 regarding the citizenship of plaintiff David Sunshine and admits the remaining allegations in paragraph 1.

2. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 2 regarding the citizenship of plaintiff Kelly T. Hickel and admits the remaining allegations in paragraph 2.

3. Admits the allegation in paragraph 3.

4. Admits the allegations in paragraph 4 to the extent that this is an action under the

Internal Revenue Code of 1986, as amended, for the recovery of tax penalties and related interest, and denies the allegation in paragraph 4 that the penalties were erroneously and illegally assessed and collected from the plaintiffs.

5. States that the jurisdiction of this Court over plaintiffs' suit, to the extent it exists, is conferred by 28 U.S.C. § 1491(a)(1).

6. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Admits the allegations in paragraph 7.

8. Admits the allegation in paragraph 8 to the extent that each plaintiff submitted payment in the amount of $100 for each of the second, third, and fourth calendar quarters in 1999; states that the records for the Internal Revenue Service ("IRS") indicate that such payments were made on or about January 13, 2004.

9. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 regarding the date the claims for refund were filed and admits the remaining allegations in paragraph 9.

10. Denies the allegations in paragraph 10 and avers that the Internal Revenue Service transferred an overpayment in the amount of $13,103.79 from plaintiff David Sunshine’s taxable year 2000 to satisfy a portion of the assessed penalty for the period ending September 30, 1999, and transferred an overpayment in the amount of $16,530.94 from plaintiff David Sunshine’s taxable year 2000 to satisfy a portion of the assessed penalty for the period ending December 31, 1999.

11. States that its attorneys lack knowledge or information sufficient to form a belief as

to the truth of the allegations in paragraph 11 regarding plaintiff David Sunshine's refund claim, but admits that a copy of a claim for refund is attached to the complaint as Exhibit G.

12. Denies the allegations in paragraph 12 and avers that the IRS sent a denial of claim letter dated March 23, 2004, to each individual plaintiff with respect to the penalties assessed pursuant to Section 6672.

13. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admits the allegations in paragraph 14.

15-17. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 15 through 17.

18. Admits the allegations in paragraph 18.

19. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Admits the allegations in paragraph 20.

21-32. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 21 through 32.

33. States that the allegations in paragraph 33 constitute legal argument to which no response is required.

34-37. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 34 through 37.

38-41. States that the allegations in paragraphs 38 through 41 constitute legal argument to which no response is required.

42. Admits the allegations in paragraph 42.

43. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Admits the allegations in paragraph 44.

45. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. States that the allegations in paragraph 46 constitute legal argument to which no response is required.

47-48. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 47 and 48.

49-50. States that the allegations in paragraphs 49 and 50 constitute legal argument to which no response is required.

51-54. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 51 through 54.

55. States that the allegations in paragraph 55 constitute legal argument to which no response is required.

56. States that its attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57-58. States that the allegations in paragraphs 57 and 58 constitute legal argument to which no response is required.

59-63. Denies the allegations in paragraphs 59 through 63.

64-65. States that its attorneys lack knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraphs 64 and 65.

Affirmative Defense

66. Plaintiff David Sunshine joined in filing the complaint in this action on July 22, 2005.

67. Plaintiff David Sunshine alleges in paragraph 10 of the complaint that on April 15, 2001, his tax refund for tax year 2000 was applied against the assessed Section 6672 penalty.

68. Plaintiff David Sunshine alleges in paragraphs 11 and 13 of the complaint that he filed a refund claim on or about July 21, 2005, and that as of July 21, 2005, he had received no correspondence from the IRS with respect to his refund claim.

69. Because plaintiff David Sunshine did not allow 6 months to expire after filing his refund claim prior to filing the complaint in this action, and has not alleged that the IRS rendered a decision with respect to his refund claim prior to filing the complaint in this action, this Court lacks subject matter jurisdiction over plaintiff David Sunshine's refund claim for tax year 2000 pursuant to Section 6532(a) of the Internal Revenue Code of 1986. Accordingly, this claim should be dismissed pursuant to RCFC 12(b)(1).

Counterclaim

70. The total Section 6672 penalty assessed against each plaintiff was $169,022.01.

71. To date, each plaintiff has made a total payment of $300 toward the assessed Section 6672 penalty.

72. Defendant is entitled to a judgment against plaintiff David Sunshine in the amount of the Section 6672 penalty in addition to any assessed interest, less plaintiff's $300 payment and any credits that may have been applied by the IRS.

73. Defendant is entitled to a judgment against plaintiff Kelly T. Hickel in the amount of the Section 6672 penalty in addition to any assessed interest, less plaintiff's $300 payment and any credits that may have been applied by the IRS.

74. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to Section 7401 of the Internal Revenue Code of 1986, and 28 U.S.C. § 1503.

Wherefore, defendant requests that the complaint be dismissed, with costs assessed against each plaintiff, and that judgment be entered in the amount of the assessed Section 6672 penalty and interest, less the payments made by each plaintiff and any credits that may have been applies by the IRS, plus interest and costs allowed by law.

Respectfully submitted,

s/Jennifer P. Wilson
JENNIFER P. WILSON
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6495
FAX (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
ROBERT J. HIGGINS
Senior Trial Attorney

Robert J. Higgins
Of Counsel

October 19, 2005