OTTEN, JOHNSON, ROBINSON, NEFF & RAGONETTI, P.C.
ATTORNEYS AND COUNSELORS AT LAW

950 SEVENTEENTH STREET
SUITE 1600
DENVER, COLORADO 80202

TELEPHONE 303-825-8400
FAX 303-825-6525

NEIL M. GOFF
DIRECT DIAL (303) 575-7515
NMGOFF@OJRNR.COM

February 22, 2000

BY MESSENGER

Ms. Patricia Taylor
Acting Chief – Insolvency II
Internal Revenue Service
600 - 17th Street, 3rd Floor
Mail Stop 5012 DEN
Denver, Colorado 80202

Re: In re Interstate Sweeping, Ltd.; EID No. 84-145-8542 and IG Services Group, LLC; EID No. 84-141-2960; In the United States Bankruptcy Court for the District of Colorado; Case No. 99-11500-MSK; Case No. 99-11501-MSK, respectively; jointly administered under Case No. 99-11500-MSK

Dear Ms. Taylor:

Thank you for meeting with us on February 22, 2000 regarding the outstanding payroll taxes associated with the above bankruptcy and our attempt to confirm a joint plan of reorganization with respect thereto. This letter is being submitted on behalf of Sweepco, LLC, the co-proponent of the plan who will become the reorganized debtor after confirmation. With respect to the outstanding pre- and post-petition payroll taxes, we propose the following in full settlement of all outstanding claims by the Internal Revenue Service for such payroll tax periods as follows:

1. Payment in full will be made to the Internal Revenue Service in the amount of a cash payment of $156,032.40 in full payment of all pre-petition priority payroll taxes under Section 507(a)(8) of the Bankruptcy Code.

2. At our meeting on February 22, 2000, you calculated trust fund taxes for the quarterly periods ended June 30, 1999, September 30, 1999 and December 31, 1999 equal to $409,657. Upon confirmation of the plan, we propose to pay you in cash, the sum of $159,657 with the remaining balance of $250,000 being payable in monthly installments of principal and interest over a six (6) year period with such principal balance bearing interest at the rate of seven percent (7%) per annum. In addition, the taxpayers will be required to maintain current filings of all applicable payroll tax returns.

EXHIBIT
tabbies
D

Ms. Patricia Taylor
February 22, 2000
Page 2

3. With respect to the first payroll tax quarter for the year 2000, we will agree to deposit $120,000 in cash as an estimated payment of all trust fund payroll taxes for such quarter. If the foregoing payment is in excess of the amount required for such period, such excess payment shall be applied to the current monthly payment due as described in paragraph 2 hereof. If there is an outstanding balance owing for such first quarter of year 2000, the balance shall be added to the amount payable over six (6) years as described in paragraph 2 hereof.

4. The taxpayer retains the right to verify any missing deposits and apply any such missing deposits to the current monthly payments required to be paid under paragraph 2 hereof.

5. The foregoing settlement is a complete settlement of all claims for payroll taxes payable to the Internal Revenue Service for such periods including, but not limited to, a release of all liability for the 100% penalty assessable against any responsible officer or person of the taxpayers'.

Based upon the proposed settlement, the co-proponent will be making an up-front cash payment (in addition to investments made to date) of $435,689. As you know, we are attempting to defer the confirmation hearing until the afternoon of February 23, 2000. Anything you can do to expedite consideration of this proposal would be greatly appreciated.

We look forward to settling this matter favorably for the benefit of the Government and for the taxpayer, so that the remaining taxes are paid to the Government in accordance with the installment agreement and the taxpayers remain viable and continuing employers of their employees.

Very truly yours,

Neil M. Goff
for
OTTEN, JOHNSON, ROBINSON,
NEFF & RAGONETTI, P.C.

NMG/djb
cc: Glen Keller, Esq.
Mr. James Hill

455255.1

2000 FEB 22 P 3: 50