DAVIS, GRAHAM & STUBBS LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

GLEN E. KELLER, JR.
(303) 303-892-7424
glen.keller@dgslaw.com

SUITE 4700
370 SEVENTEENTH STREET
DENVER, COLORADO 80202
MAILING ADDRESS
POST OFFICE BOX 185
DENVER, COLORADO 80201-0185
TELEPHONE 303-892-9400 TELEX 413726 DGS DVR UD
FACSIMILE 303-893-1379 CABLE DAVGRAM, DENVER

BOULDER, CO OFFICE
VIEW POINT ON THE PARKWAY
4410 ARAPAHOE AVENUE
SUITE 200
BOULDER, COLORADO 80303
TELEPHONE 303-544-5900
FACSIMILE 303-544-5997

February 24, 2000

**HAND DELIVERY**

Ms. Patricia Taylor
Acting Chief - Insolvency II
Internal Revenue Service
600 17th Street, 3rd Floor
Mail Stop 4012 DEN
Denver, CO 80202

Re: Interstate Sweeping, Ltd, EIN No. 84-1458542 and IG Services Group LLC, EIN No. 84-1412960; In the United States Bankruptcy Court for the District of Colorado; Case No. 99-11500 MSK; Case No. 99-11501 MSK, respectively; Jointly Administered as Case No. 99-11500 MSK

Dear Ms. Taylor:

I enclose herewith the letter about which we spoke yesterday with the modifications to the language in the Plan. I have taken your suggestion and made the Reorganized Debtor appear consistently where applicable and have modified the language as we discussed on the telephone. It would be most helpful if you could cause this to be signed and returned to me quickly so that we can file the Internal Revenue Service's assent to the modifications.

Again, let me thank you for working with us. I deem it a privilege to have been involved with you in this matter.

Sincerely,

Glen E. Keller, Jr.

Enclosures
GEK/sas

EXHIBIT
E

IMANAGE;287679;1
Feb 24, 2000 - 11:4 am

DAVIS, GRAHAM & STUBBS LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

GLEN E. KELLER, JR.
(303) 303-892-7424
*glen.keller@dgslaw.com*

SUITE 4700
370 SEVENTEENTH STREET
DENVER, COLORADO 80202
MAILING ADDRESS
POST OFFICE BOX 185
DENVER, COLORADO 80201-0185
TELEPHONE 303-892-9400 TELEX 413726 DGS DVR UD
FACSIMILE 303-893-1379 CABLE DAVGRAM, DENVER

BOULDER, CO OFFICE
VIEW POINT ON THE PARKWAY
4410 ARAPAHOE AVENUE
SUITE 200
BOULDER, COLORADO 80303
TELEPHONE 303-544-5900
FACSIMILE 303-544-5997

February 24, 2000

Ms. Mara Eckhardt
Chief, Special Procedures Branch
Internal Revenue Service
600 17th Street
Denver, CO 80202-2490

**HAND DELIVERED**

Re: Interstate Sweeping, Ltd, EIN No. 84-1458542 and IG Services Group LLC, EIN No. 84-1412960; In the United States Bankruptcy Court for the District of Colorado; Case No. 99-11500 MSK; Case No. 99-11501 MSK, respectively; Jointly Administered as Case No. 99-11500 MSK

Dear Ms. Eckhardt:

Thank you for your confirming letter dated February 23, 2000 regarding the provisions for the priority tax claim of the Internal Revenue Service in the Fifth Amended Joint Plan of Reorganization of Interstate Sweeping, Ltd, IG Services Group, LLC and Sweepco, LLC.

We have amended the language of the paragraph in two particulars. First, we have clarified that the Reorganized Debtor has the obligation to file returns and pay taxes and its default triggers the default provisions. Second, we have amended part (c) of the last sentence of paragraph 3.3 of the Plan which read:

> At its sole option, the IRS shall also have the right to an order providing for the immediate conversion of the case to one under Chapter 7 subject to the procedures described above in the Plan.

It now reads:

> In its sole discretion, the IRS shall also have the right to seek an order, after notice and a hearing, providing for the immediate conversion of the case to one under Chapter 7 subject to the procedures described above in this Plan.

We have attached a copy of paragraph 3.3 as amended for your file.

Ms. Mara Eckhardt
February 24, 2000
Page 2

Please confirm, by signature upon the copy of this letter enclosed, the acceptance of the Internal Revenue Service to the amendments. We are required to file with the court evidence of your acceptance on or before February 29, 2000.

Thank you for your cooperation.

Sincerely,

Glen E. Keller, Jr.

Enclosures
GEK/sas

The Internal Revenue Service does not
object to the modifications.
February _____, 2000

______________________________
Mara Eckhardt
Chief, Special Procedures Branch

2.15 Class 15 - Unsecured Claims. Class 15 shall consist of all Allowed Claims against the Debtor, however arising, not otherwise included in any other Class hereof, including, without limitation, Allowed Claims based upon the rejection of executory contracts or unexpired leases.

2.16 Class 15a. Class 15a shall consist of the Allowed Settlement Claim of First Financial Services, Ltd.

2.17 Class 15b. Class 15b shall consist of the Allowed Settlement Claim of Vern Tharp.

2.18 Class 16 - Interests. Class 16 shall consist of all Allowed Interests of the Equity Security Holders.

## ARTICLE 3
## TREATMENT OF UNCLASSIFIED CLAIMS

3.1 Administrative Claims. The holders of Allowed Administrative Claims described in 11 U.S.C. § 507(a)(1) will receive on account of such Allowed Claim, cash in an amount equal to such Allowed Claim as soon as practicable following the later of (a) the Effective Date or (b) the date on which an Order of the Bankruptcy Court allowing such claims becomes a Final Order, or cash or deferred cash payments paid in such amounts and on such other terms as may be agreed to by each holder of such an Allowed Claim and the Debtors. Notwithstanding the foregoing, professionals employed at the expense of the Estate or the Debtors and entities who may be entitled to reimbursement or the allowance of fees and expenses from the Estate or the Debtors pursuant to subparagraphs (2) through (6) of 11 U.S.C. § 503(b), shall receive cash in the amount awarded at such times and only in accordance with a Final Order entered pursuant to 11 U.S.C. §§ 330, 331 or 503(b)(2)-(6).

3.2 Priority Tax Claims. Except as provided in Paragraph 3.3, Holders of Allowed Priority Tax Claims against the Debtors (or either of them) described by 11 U.S.C. § 507(a)(8), will receive on account of such Allowed Claims, six deferred equal annual payments from Reorganized Interstate commencing on the annual anniversary of the Effective Date together with interest at the rate of 9% per annum; provided that such Allowed Priority Tax Claim may be prepaid in whole or part at any time without notice, penalty or premium. Notwithstanding this paragraph, the City and County of Denver will be paid $25,000 on the Effective Date in full satisfaction of all of its pre-petition priority or secured tax claims. In addition, the City will be paid $520 in satisfaction of parking tickets outstanding.

3.3 Priority Tax Claim of Internal Revenue Service. The Priority Tax Claim of the Internal Revenue Service (IRS) will be paid $156,032.40 in cash upon the Effective Date in full payment of the pre-petition Priority Tax Claim under Section 507(a)(8) of the Bankruptcy Code. In addition, the IRS will be paid post-petition payroll taxes for the period February 11, 1999 through December 31, 1999 by payment in cash of $159,657 and a balance of $250,000 in equal monthly installments of principal and interest over a six (6) year period with such principal balance

bearing interest at the rate of seven percent (7%) per annum. These payments, when made, will constitute payment in full for payroll tax liability for the period in question. In addition, the Reorganized Debtor will deposit $120,000 upon the effective date with the IRS as a deposit on the payroll taxes for the first quarter of the year 2000. If the foregoing payment is in excess of the amount required for such period, such excess payment shall be applied to the current monthly payment due as described above. If there is an outstanding balance owing for such first quarter of year 2000, the balance shall be paid at the time of filing the appropriate returns for the quarter. The Reorganized Debtor retains the right to verify any missing deposits and apply any such missing deposits to the current monthly payments required to be paid as above. The Reorganized Debtor shall be required to make all returns and payments post confirmation on time as require under appropriate statute or regulation. Should the Reorganized Debtor fail to make any payment hereunder on time or perform as provided herein, they shall be in default under the terms of the Plan. The occurrence of any one of the following shall constitute an event of default under this Plan: (a) The Reorganized Debtor's default in the performance of any term or covenant of this plan and such default shall continue for a period of 30 days after written notice of such default is mailed to the Reorganized Debtor; or (b) The dismissal or conversion of the captioned case to a proceeding under Chapter 7 of the Bankruptcy Code; or if any representation by the Debtors in this plan shall prove to be false or misleading in any material respect; or (d) The Reorganized Debtor's failure to timely file any federal tax returns on their due date, including extensions; or (e) The Reorganized Debtor's failure to timely pay any federal tax on its due date; or (f) the Reorganized Debtor's failure to timely make any and all required federal tax deposits of federal income tax withholding, FICA (Federal Insurance Contributions Act) tax, and FUTA (Federal Unemployment Tax Act) tax; or (g) the Reorganized Debtor's failure to timely make estimated income tax payments in the full amount which may be required of the Reorganized Debtors, if any. Upon the occurrence of an event of default and provided notice has been given and the procedures followed as provided below, the IRS shall have the following rights: (a) The IRS shall have the right to declare due and payable and assess any interest or penalties which would have accrued on the pre-petition federal tax liabilities of the Debtors but for the filing of the bankruptcy petition; (b) the IRS shall have the right to proceed against the Reorganized Debtor or its assets to collect any of the pre-petition or pre-confirmation tax liabilities and related interest and penalties, including interest and penalties through use of the administrative or judicial collection procedures available to the IRS under the Internal Revenue Code as if no bankruptcy petition had been filed. Such procedures shall include but are not limited to the following: (i) the filing of notices of federal tax liens. (c) In its sole discretion, the IRS shall also have the right to seek an order, after notice and a hearing, providing for the immediate conversion of the case to one under Chapter 7 subject to the procedures described above in this Plan. (d) The IRS's failure to act on any default shall not constitute a waive by the IRS of the right to act on such default.

## ARTICLE 4
## DESIGNATION AND TREATMENT OF UNIMPAIRED CLASSES UNDER THE PLAN

4.1 Class 1. All Allowed Class 1 Claims shall be paid in full, in cash, as soon as practical on or after the Effective Date.