IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID SUNSHINE and
KELLY T. HICKEL,

Plaintiffs

v.

No. 05-773 T (Chief Judge Damich)

UNITED STATES OF AMERICA,

Defendant

# PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFFS' CORRECTED MOTION FOR SUMMARY JUDGMENT

Theodore Z. Gelt
GELT & GRASSGREEN P.C.
303 East 17th Avenue, Suite 910
Denver, Colorado 80203
Telephone: (303) 830-1200
Facsimile: (303) 830-9400

ATTORNEY FOR PLAINTIFFS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

DAVID SUNSHINE and
KELLY T. HICKEL,

Plaintiffs

v.

UNITED STATES OF AMERICA,

Defendant

No. 05-773 T (Chief Judge Damich)

PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACTS IN SUPPORT OF PLAINTIFFS' CORRECTED MOTION FOR SUMMARY JUDGMENT

The plaintiffs in this case present the following uncontroverted facts in support of their request for summary judgment in accordance with RCFC Rule 56:

1. Plaintiff David Sunshine resides at 5728 S. Galena Street, Greenwood Village, Colorado 80110. (Complaint ¶ 1)[1](Answer ¶ 1.)[2]

2. Plaintiff Kelly T. Hickel resides at 1002 Creek Court, Longmont, Colorado 80503. (Complaint ¶ 2) (Answer ¶ 2.)

3. The defendant is the United States of America. (Complaint ¶ 3)(Answer ¶ 3.)

4. This case involves the assessment of penalties under Section 6672 of the Internal Revenue Code of 1986, as amended ("IRC"), for unpaid federal employment

[1] All references to "Complaint" herein refer to the complaint filed in Case No. 05-773 T unless otherwise noted.
[2] Reference is to Defendant's Answer and Counterclaim filed in Case No. 05-773 T, herein referred to as "Answer."

taxes ("Payroll Taxes") due from Interstate Sweeping, Ltd. (Interstate) for the second, third and fourth quarters of the 1999 calendar year. (Complaint ¶ 7) (Answer ¶ 7.)

5. On or about November 14, 2003, the Defendant assessed against each of the Plaintiffs penalties under IRC Section 6672 for unpaid federal employment taxes due from Interstate for the following calendar quarters and amounts: (Complaint ¶ 7)(Answer ¶ 7.)

| Quarter Ended | Amount |
|---|---|
| June 30, 1999 | $3.94 |
| September 30, 1999 | $13,401.75 |
| December 31, 1999 | $155,616.32 |
| Total | $169,022.01 |

6. On or about January 13, 2004, each plaintiff submitted payment in the amount of $100 for each calendar quarter referenced in paragraph 5, for a total of $300 for each plaintiff. (Complaint ¶ 8)(Answer ¶ 8.)

7. Sometime in December 2003 or January 2004, each plaintiff filed a Form 843, Claim for Refund and Request for Abatement, with the Internal Revenue Service for each calendar quarter referenced in paragraph 5, claiming a refund of the penalties paid and requesting an abatement of the penalties assessed. (Complaint ¶ 9)(Answer ¶ 9.)

8. By notice of disallowance dated March 23, 2004, the Internal Revenue Service notified the plaintiffs that it had disallowed the plaintiffs' claims for refunds and abatement of penalties assessed pursuant to Section 6672. (Complaint ¶ 12)(Answer ¶ 12.)

9. On July 21, 2005, plaintiffs filed the instant refund suit in the United States Court of Federal Claims. (Complaint.)

10. On October 19, 2005, defendant filed its Answer and Counterclaim. The Counterclaim seeks recovery against the plaintiff David Sunshine in the amount of the 6672 penalty ($169,022.01) less plaintiff's $300 payment. The Counterclaim seeks recovery against the plaintiff Kelly Hickel in the amount of the 6672 penalty ($169,022.01) less plaintiff's $300 payment. (Answer ¶¶ 70-73.)

11. On or about April 15, 2001, the Internal Revenue Service applied $13,103.79 of plaintiff David Sunshine's overpayment from the year 2000 to satisfy a portion of the penalties assessed for the period ending September 30, 1999 and applied $16,530.94 of plaintiff David Sunshine's overpayment from the year 2000 to satisfy a portion of the penalties assessed for the period ending December 31, 1999. (Answer ¶ 10.)

12. On or about July 21, 2005, plaintiff David Sunshine filed a claim for refund in the amount of $31,696.00 with the Internal Revenue Service at Austin, Texas. (Complaint ¶ 11.)

13. Because six months had not elapsed from the time plaintiff David Sunshine filed his claim for refund in the amount of $31,696 and filing the complaint on July 21, 2005 (Case No. 05-773 T), as required by Section 6532(a), plaintiff David Sunshine filed a separate complaint on March 13, 2006 in Case No. 06-169 T . (Complaint filed in Case No. 06-169 T.)(Answer ¶ 69.)

14. An Order consolidating Case No. 05-773 T and Case No. 06-169 T was issued by this Court on March 14, 2006. (Order dated May 14, 2006.)

15. On February 11, 1999, Interstate filed a bankruptcy petition in the United States Bankruptcy Court, District of Colorado, under Chapter 11 of the Bankruptcy Code. (Complaint ¶ 14)(Answer ¶ 14.)

16. During the bankruptcy proceeding, Interstate is identified as the debtor-in-possession. (Plan of Reorganization, attached hereto as Exhibit A.)

17. The unpaid federal employment taxes for which the plaintiffs have been assessed penalties under Section 6672 were incurred during the second, third and fourth quarters of 1999, during which time Interstate was under the jurisdiction of the Bankruptcy Court. (Complaint ¶ 7)(Answer ¶ 7.)

18. On December 29, 1999, the Fifth Amended Joint Plan of Reorganization of Interstate Sweeping, Ltd., IG Services Group, LLC and Sweepco, LLC ("Sweepco") was filed with the Bankruptcy Court, of which Sweepco was a co-proponent. (Complaint ¶ 44)(Answer ¶ 44.)

19. The Fifth Amended Joint Plan of Reorganization, as re-submitted on March 2, 2000, was confirmed by the Bankruptcy Court, effective March 2, 2000 a copy of which is attached hereto as Exhibit A (the "Plan of Reorganization"). (Complaint ¶ 52)(Exhibit A.)

20. By a letter dated February 17, 2000, a copy of which is attached hereto as Exhibit B, Sweepco stated to the Internal Revenue Service that the reorganized Interstate (the "Reorganized Interstate") would "pay the trust fund portion of the taxes due post-petition." (Complaint ¶ 46)(Exhibit B.)

21. In a letter delivered to the Internal Revenue Service on February 22, 2000, a copy of which is attached hereto as Exhibit C, Sweepco set forth its proposal in full settlement of the Payroll Taxes. (Complaint ¶ 47)(Exhibit C.)

22. As evidenced by the facsimile dated February 23, 2000, a copy of which is attached hereto as Exhibit D, the Internal Revenue Service provided language to be included in the Plan of Reorganization. (Exhibit D.)

23. By letter dated February 23, 2000, a copy of which is attached hereto as Exhibit E, the Internal Revenue Service stated that it did not object to the provision for its priority claim in the Plan of Reorganization. (Complaint ¶ 48)(Exhibit E.)

24. By letter dated February 24, 2000, a copy of which is attached hereto as Exhibit F, Sweepco stated that the "Reorganized Interstate has the obligation to file returns and pay taxes and its default triggers the default provisions" of the Plan of Reorganization. This letter was signed by Mara Eckhardt of the Internal Revenue Service, indicating the Internal Revenue Service did not object to the modifications of the Plan of Reorganization. (Complaint ¶ 50)(Exhibit F.)

25. Section 3.3 of the Plan of Reorganization set forth the remedies available to the Internal Revenue Service in the case of default, which included filing federal tax liens. (Exhibit A.)

26. The Internal Revenue Service failed to file a notice of federal tax lien. (Complaint ¶ 55.)

27. Pursuant to Section 8.1 of the Plan of Reorganization, Sweepco obtained all of the outstanding stock of Interstate upon confirmation of the Plan of Reorganization. (Exhibit A.)

28. According to the notice of default dated May 26, 2000, a copy of which is attached hereto as Exhibit G, the Reorganized Interstate, then under the control of Sweepco, defaulted on the payments of the Payroll Taxes required by Section 3.3 of the Plan of Reorganization. (Exhibit G.)

29. The Chapter 11 Final Report filed by the Reorganized Interstate on May 9, 2001, a copy of which is attached hereto as Exhibit H, indicated that the Reorganized Interstate had cash in the amount of $171,993.29 which was in excess of the amount assessed against each of the plaintiffs ($169,022.01). (Exhibit H.)

Date: June 1, 2006

Respectfully submitted,

s/ Theodore Z. Gelt
Theodore Z. Gelt

GELT & GRASSGREEN P.C.
303 East 17th Avenue, Suite 910
Denver, Colorado 80203
Telephone: (303) 830-1200
Facsimile: (303) 830-9400

ATTORNEY FOR PLAINTIFFS