IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 05-773 T and 06-0169 T (Consolidated)
(Chief Judge Damich)

DAVID SUNSHINE and
KELLY T. HICKEL,

Plaintiffs

v.

UNITED STATES OF AMERICA,

Defendant

PLAINTIFFS' RESPONSES TO DEFANDANT'S
PROPOSED FINDINGS OF UNCONTROVERTED FACTS

The Plaintiffs submit the following responses Defendant's proposed findings of uncontroverted facts:

1. Plaintiff Kelly Hickel was the Chief Executive Officer of Interstate Sweeping, Ltd. ("Interstate") before 1999, and at least through July, 1999. *See* Exhibit 1, Affidavit of Kelly T. Hickel; Exhibit 3, Kelly Hickel deposition transcript excerpts (at 75:4-79:19).

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding relates to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs

do not admit or deny the truth of such facts since that determination will be an issue at trial.

2. Plaintiff David Sunshine was the President of Interstate prior to and throughout the bankruptcy proceeding. See Exhibit 2, Affidavit of David Sunshine; Exhibit 4, David Sunshine deposition transcript excerpts (at 41:7-42: 21).

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding relates to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs do not admit or deny the truth of such facts since that determination will be an issue at trial.

3. At some point during the Interstate Chapter 11 bankruptcy proceeding, Sweepco, LLC ("Sweepco") became a co-proponent of the bankruptcy Plan of Reorganization. See Exhibit 5, First Amended Disclosure Statement (at Section III.B.).

**Plaintiffs' Response:** Plaintiffs agree that Sweepco was proponent of the bankruptcy Plan of Reorganization. Plaintiffs disagree with the finding as stated, however, since Sweepco became a co-proponent of the Plan of Reorganization in June of 1999 when the initial Disclosure Statement was filed. (Exhibit I.)

**Plaintiffs' Revised Finding:** As early as June 1999, Sweepco, LLC (Sweepco") became a co-proponent of the bankruptcy Plan of Reorganization.

4. After the Plan of Reorganization was confirmed, Reorganized Interstate received notices of default from the Internal Revenue Service regarding the

monthly installment payments required by the Plan of Reorganization on February 27, 2001, September 21, 2001, and October 29, 2001. See Exhibits 6, 7, and 8.

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding is irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. As stated in the Plan of Reorganization, once the Reorganized Interstate failed to make any payment under the Plan, Reorganized Interstate was in default under the terms of the Plan. (Exhibit A, Article 3.3.) The Reorganized Interstate received a notice of default dated May 26, 2000. (Exhibit G.) Thus, any subsequent notice of default is irrelevant.

5. On February 21, 2000, Interstate submitted Quarterly Employment Tax Returns for the second, third, and fourth quarters of 1999, indicating that the full amount required for the payroll tax deposits had not been paid for each quarter. See Exhibits 9, 10, and 11.

**Plaintiffs' Response:** Plaintiffs agree with the finding as stated.

6. Plaintiff David Sunshine's signature appears on Interstate's Quarterly Employment Tax Returns for the second, third, and fourth quarters of 1999. See Exhibits 9, 10, and 11.

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding relates to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs

do not admit or deny the truth of such facts since that determination will be an issue at trial.

7. A signature card for Interstate's debtor-in-possession operating account shows that plaintiffs had check signing authority as of February 12, 1999. See Exhibit 12.

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding relates to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs do not admit or deny the truth of such facts since that determination will be an issue at trial.

8. A second signature card for Interstate's debtor-in-possession operating account shows that plaintiff David Sunshine, Larry Nelson, and James Mogen had check signing authority as of December 3, 1997. See Exhibit 13.

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding pertains to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs do not admit or deny the truth of such facts since that determination will be an issue at trial.

9. During the last three quarters of 1999, Interstate made payments from its operating account to creditors. See Exhibit 14.

**Plaintiffs' Response:** Plaintiffs agree with the finding as stated.

10. Interstate made payroll tax depositions in February, March, April, and September, 1999. See Exhibit 15.

**Plaintiffs' Response:** Plaintiffs assume that "depositions" was a typographical error and that Defendant intended the word "deposits." If this is the case, Plaintiffs agree with the finding as stated.

11. Plaintiff David Sunshine's signature appears on all of the operating account checks and payroll tax deposit checks included in Exhibits 14 and 15.

**Plaintiffs' Response:** Plaintiffs object on the ground that the finding relates to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs do not admit or deny the truth of such facts since that determination will be an issue at trial.

Date: July 31, 2006

Respectfully submitted,

s/ Theodore Z. Gelt
Theodore Z. Gelt

GELT & GRASSGREEN P.C.
303 East 17th Avenue, Suite 910
Denver, Colorado 80203
Telephone: (303) 830-1200
Facsimile: (303) 830-9400

ATTORNEY FOR PLAINTIFFS