# In the United States Court of Federal Claims

No. 05-773 T and No. 06-169 T
(CONSOLIDATED)

(Filed: October 5, 2006)

*********************************************
**DAVID SUNSHINE and KELLY T. HICKEL,** *
*
Plaintiffs, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
*********************************************

**OPINION AND ORDER**

This is a tax-refund case in which Plaintiff seek a refund of monies that they paid in partial satisfaction of an assessment of penalties by the Internal Revenue Service ("IRS") regarding federal income taxes ("payroll taxes") that were incurred but unpaid by Interstate Sweeping, Ltd. Defendant has filed a counterclaim against Plaintiffs from whom it seeks payment of the unpaid portions of the IRS assessment against them.

The following is a brief outline of the background events which give rise to this case. Interstate filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the District of Colorado on February 11, 1999. Plaintiffs appear to have been affiliated with Interstate at some point during the following events, but have so far refused to inform the Court what their precise role in the company was. During the course of the bankruptcy, Sweepco, LLC, ("Sweepco") became a co-proponent of Interstate's Plan of Reorganization. While in bankruptcy, Interstate failed to pay its payroll taxes during the second, third, and fourth quarters of 1999. On December 29, 1999, the "Fifth Amended Joint Plan of Reorganization of Interstate Sweeping, Ltd., IG Services Group, LLC and Sweepco, LLC" was filed with the Bankruptcy Court, District of Colorado which, as resubmitted on March 2, 2000, was confirmed by the Court effective March 2, 2000. The Plan of Reorganization allegedly required the reorganized Interstate to make monthly installment payments of the back taxes to the IRS. On February 17, 2000, Sweepco wrote a letter to the IRS that the reorganized Interstate would "pay the trust fund portion of the taxes due post-petition." Pl's Mot. at Exh. B. Nonetheless, the reorganized Interstate received a series of notices of default regarding the monthly installment payments to the IRS. On November 14, 2003, the IRS assessed against each of the Plaintiffs penalties under

26 U.S.C. § 6672 for the unpaid payroll taxes for the three calendar quarters at issue. On January 13, 2004, each Plaintiff submitted payment in the amount of $100 for each calendar quarter of unpaid taxes for a total of $300 for each Plaintiff.

Presently before the Court is Plaintiffs' Corrected Motion for Summary Judgment, filed June 1, 2006.[1] Plaintiffs argue that they cannot be held liable under section 6672 because they did not "willfully" fail to pay the payroll taxes and, in the alternative, that they are released from liability because the IRS had the means to collect the payroll taxes from Interstate, but failed to take any action to do so.

Simultaneously with its brief in opposition to Plaintiffs' motion for summary judgment, Defendant filed, on July 13, 2006, a series of proposed findings of uncontroverted fact with respect "to relevant matters not covered by plaintiffs' proposed findings of fact," pursuant to Rule 56(h)(2) of the Rules of the U.S. Court of Federal Claims ("RCFC"). Defendant offered these findings of fact, in part, to show that there are disputed material facts with respect to the issue of Plaintiffs' "willfulness." In its opposition, Defendant states that there is a factual dispute with respect to:

- whether the Plaintiffs signed or otherwise authorized payments to creditors during the time when Interstate's payroll taxes deposits were not being made;

- the appearance of Plaintiff David Sunshine's signature on Interstate's payroll and operating account checks, as well as on Interstate's Quarterly Employment Tax Returns and whether he personally signed them, or whether he or third parties used a signature stamp bearing his name for signatures; and

- the nature of Plaintiffs' role in procuring IRS approval of Interstate's Plan of Reorganization.

Def.'s Br. at 12-15. Defendant asserts that these genuine issues of material fact preclude summary judgment on Plaintiffs' argument that they did not "willfully" fail to pay payroll taxes because they "undertook all reasonable efforts to ensure the Payroll Taxes would be paid, under circumstances where the employer had the means of payment and could reasonably be expected to make the payment." Pl.'s Br. at 5-6.

On July 31, 2006, Plaintiffs filed their responses to Defendant's proposed findings of

---

[1]On May 26, 2006, Plaintiffs filed their motion for summary judgment. However, on May 30, 2006, the Court struck its motion because the motion failed to comply with the Rules of the Court of Federal Claims in various respects.

uncontroverted fact. In their responses, Plaintiffs refused to either admit or deny certain basic facts that they deemed irrelevant to their motion for summary judgment. For instance, Defendant submitted the following Proposed Finding of Uncontroverted Fact ("PFUF"):

> 6. Plaintiff David Sunshine's signature appears on Interstate's Quarterly Employment Tax Returns for the second, third, and fourth quarters of 1999. See Exhibits 9, 10, 11.

Def's PFUF No. 6.

In response, Plaintiffs stated:

> Plaintiffs object on the ground that the finding relates to the responsible party issue and is therefore irrelevant to the issues raised by Plaintiffs in their Corrected Motion for Summary Judgment. Further, Plaintiffs do not admit or deny the truth of such facts since that determination.

Pl's Resp. to Def's PFUF No. 6.

Similarly, Plaintiffs refuse to admit or deny the truth of the following PFUFs in virtually identical language:

> A signature card for Interstate's debtor-in-possession operating account shows that plaintiffs had check signing authority as of February 12, 1999. See Exhibit 12.

Def.'s PFUF 7.

> A second signature card for Interstate's debtor-in-possession operating account shows that plaintiff David Sunshine, Larry Nelson, and James Morgen had check signing authority as of December 3, 1997.

Def.'s PFUF 8.

> Plaintiff David Sunshine's signature appears on all of the operating account checks and payroll tax deposit checks included in Exhibit 14 and 15.

Def.'s PFUF 11.

Not only are the Plaintiffs unwilling to admit or deny the allegation that Plaintiff

Sunshine signed checks on behalf of Interstate or had check-signing authority during the period when Interstate did not pay its payroll taxes, Plaintiffs are not even willing to admit or deny whether Plaintiff Kelly Hickel was CEO of Interstate or David Sunshine was President of Interstate. Plaintiffs refused to answer, either in the affirmative or the negative, the following proposed findings of fact:

> Plaintiff Kelly Hickel was Chief Executive Officer of Interstate Sweeping, Ltd. ("Interstate") before 1999, and at least through July, 1999.

Def.'s PFUF 1.

> Plaintiff David Sunshine was the President of Interstate prior to and throughout the bankruptcy proceeding.

Def.'s PFUF 2.

The Court is at a loss to understand why Plaintiffs are unable or unwilling to respond to extremely rudimentary facts concerning the roles that the Plaintiffs served in Interstate. While Plaintiffs assert that the facts are irrelevant to the issues raised in their motion for summary judgment, the Court does not view a refusal to respond to Defendant's proposed findings as appropriate under the Court's Rules because (a) the Rules do not contemplate non-response in this instance and (b) Defendant's proposed findings are potentially relevant to the "willfulness" of Plaintiffs and Plaintiffs' argument that the IRS constructively released them from tax liability.

*First*, RCFC 56(h)(2) provides that "responses to such additional proposed findings of fact shall be filed" in the following manner. The moving party "shall file . . . a response to the requested findings by indicating, immediately below each finding, *whether it agrees or disagrees with the finding as stated*. If the [moving party] *does not agree with the proposed finding*, it shall note the basis for its objection and may draft a proposed revision of the finding below the challenged finding." *Id.* (Emphasis added.) Plaintiffs failed to indicate whether they agree or disagree with the findings as required by RCFC 56(h)(2). The Court does not believe that Plaintiffs have given good cause to refuse to agree or disagree with the proposed findings. If Defendant's proposed additional findings were manifestly improper, Plaintiffs should have filed a motion to strike.

*Second*, Plaintiffs seek summary judgment on the grounds that they "undertook all reasonable efforts to see that such taxes would in fact be paid, in circumstances where the employer had the means of payment and could reasonably be expected to make the payment." Pl's Reply at 3 (quoting *Feist v. United States*, 221 Ct. Cl. 531, 542 (1979)). However, the existence of willfulness is a "fact-based determination[] unique to the circumstances of each individual case." *Cook v. United States*, 52 Fed. Cl. 62, 68 (2002). Defendant argues that

willfulness can be established when a company makes payments to creditors other than the IRS when payroll taxes remain unpaid. The check-signing authority of, or authorization of payments by, Plaintiffs, is potentially relevant to both Defendant's argument as well as Plaintiffs' contention that they in fact undertook all reasonable efforts to see that taxes would be paid to the IRS. Moreover, with respect to Plaintiffs' argument that they are released from tax liability because, among other factors, they collaborated with the IRS to ensure that the unpaid taxes was provided for in the Plan for Reorganization and that the reorganized Interstate had sufficient assets to pay the taxes, the parties differ as to the role of Plaintiffs in discussions between bankrupt Interstate and the IRS in developing the Plan of Reorganization as well as the extent to which the reorganized Interstate could have paid its outstanding tax liability. See Pl.'s Brief at 12-13; Def.'s Opp'n at 15; Def.'s Resp. to PFUF 29.

Because the parties cannot agree as to the check-signing authority of Plaintiffs, the significance of Mr. Sunshine's alleged signature on Interstate's payroll and operating account checks, or their role in procuring IRS approval of the Plan of Reorganization of Interstate, the Court is of the view that there are genuine issues of material fact that preclude a finding of summary judgment. Moreover, the unwillingness of the Plaintiffs to respond to any facts that even remotely relate to the ultimate determination of the identity of the responsible party or parties gives the Court pause. Plaintiffs give the impression that the identity of the responsible party or parties, as well as the course of conduct by Plaintiffs at the time Interstate was in bankruptcy, represents a Pandora's Box that they wish to avoid. As a result, the Court looks forward to a full airing at trial of all relevant facts as to the potential tax liability of Plaintiffs – including both the "responsible party" issue and the "willfulness" issue.[2]

Plaintiffs' Corrected Motion for Summary Judgment is hereby **DENIED**. The Court **ORDERS** that a telephonic status conference will take place on Wednesday October 18, 2006, at 2:00 p.m., regarding pre-trial preparation. One business day before the conference, counsel shall email chambers (damich_chambers@ao.uscourts.gov) to provide the phone number where he or she can be reached and to inform the court whether any others will be participating for that party (and, if so, their names, phone numbers and affiliations). The conference will be on the record via audio-recording, unless either party requests that a reporter be present. Such a request must be made at least five business days in advance of the conference.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

---

[2]On March 2, 2006, Plaintiffs filed a consent to dual representation. In light of the Court's intention to hold a trial in this case, Plaintiffs are urged to reconsider whether dual representation is in their best interest henceforth.